## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

FIDELITY BROKERAGE SERVICES LLC,

       Plaintiff,

   v.

MAXIM INTEGRATED PRODUCTS, INC.,

       Defendant.

Civil Action No.  12-10356

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Fidelity Brokerage Services LLC ("Fidelity"), through the undersigned attorneys, alleges the following for its Complaint against Defendant Maxim Integrated Products, Inc. ("Maxim"):

### NATURE OF ACTION

1.      This is an action for declaratory judgment seeking relief of non-infringement and invalidity under the patent laws of the United States, Title 35, United States Code, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 57.

### THE PARTIES

2.      Fidelity is a limited liability company organized in Delaware with its principal place of business located in Boston, Massachusetts.  Fidelity is a broker-dealer that is registered with the Securities and Exchange Commission.

3.      Upon information and belief, Defendant Maxim is a Delaware corporation with its principal place of business at 120 San Gabriel Drive, Sunnyvale, California.

### JURISDICTION AND VENUE

4.      This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Subject

matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).  This matter presents an

actual case or controversy and serves the purpose of resolving the legal rights of the parties.

5.      This Court has personal jurisdiction over Maxim because Maxim has maintained

continuous and systematic contacts with the Commonwealth of Massachusetts, and Maxim has

purposefully availed itself of the benefits and protection of the laws of the Commonwealth of

Massachusetts.

6.      Maxim, directly and/or through its distribution networks, offers for sale, sells,

and/or distributes products within the Commonwealth of Massachusetts.

7.      Upon information and belief, Maxim maintains sales offices within the

Commonwealth of Massachusetts.  *See* Exhibit A, a printout from Maxim's website

http://www.maxim-ic.com/sales/offices/worldwide.mvp, showing its worldwide sales offices,

including one for Massachusetts.

8.      Upon information and belief, Maxim engages franchised distributors within the

Commonwealth of Massachusetts.  *See* Exhibit B, a printout from Maxim's website

http://www.maxim-ic.com/sales/offices/distributor/franchise.mvp, showing three franchised

distributors in Massachusetts.

9.      In addition, Maxim operates an interactive website through which persons in

Massachusetts can and do order products from Maxim, which are shipped to Massachusetts.  *See*

http://www.maxim-ic.com/sales/.

10.     On October 26, 2011, counsel for Maxim sent a demand letter to Fidelity in

Boston, Massachusetts, alleging patent infringement against Fidelity in Massachusetts.

11.     Upon information and belief, venue is proper in this judicial district under 28

U.S.C. §§ 1391(b) and (c) because this is the judicial district where (i) a substantial part of the

events or omissions giving rise to the claim occurred; and (ii) where Defendant is subject to personal jurisdiction.

## FACTUAL BACKGROUND

12.     In the October 26, 2011 demand letter, counsel for Maxim accused Fidelity of infringing Maxim's patents.  Specifically, Maxim alleged that Fidelity's software applications for the iPhone and other mobile devices infringe the claims of United States Patent Nos. 5,940,510 ("'510 patent"), 5,949,880 ("'880 patent"), 6,105,013 ("'013 patent"), and 6,237,095 ("'095 patent") (hereinafter "the Patents").

13.     Upon information and belief, the Patents are assigned to Maxim.  True and correct copies of the Patents are attached hereto as Exhibits C, D, E, and F.  True and correct assignments of the Patents are attached hereto as Exhibits G, H, I, and J.

14.     In the October 26, 2011 letter, Maxim alleged that "[i]t is our belief that Fidelity is infringing a number of the patents within the Maxim Mobile Transaction Patent Portfolio." Specifically, Maxim states that Fidelity's mobile platforms "infringe certain claims within the portfolio via direct infringement, joint infringement, contributory infringement and/or inducement."  It further stated that if Maxim did not hear from Fidelity within a month (*i.e.*, by November 26, 2011), "Maxim will assume that Fidelity does not want to obtain a license in a non-litigious manner and will act accordingly."

15.     Counsel for Fidelity engaged in a telephone conference with counsel for Maxim on January 24, 2012.  During this conference, Maxim repeated its allegation that Fidelity was infringing the Maxim patents and its demand that Fidelity obtain a license to Maxim's patents.

16.     On February 23, 2012, within twenty-four hours of filing five lawsuits, Maxim's counsel again contacted Fidelity's legal department, attempting to coordinate a meeting to discuss Maxim's infringement allegations.

17.     Maxim attached to the October 26, 2011 letter nine pages of claim charts for the Patents.  In particular, for claims of the '510 patent, Maxim alleged "infringement under joint infringement"; for claims of the '880 patent, Maxim alleged "infringement under direct infringement"; and for claims of the '013 and '095 patents, Maxim alleged "infringement under joint infringement, contributory infringement and inducement."

18.     Maxim also attached to the October 26, 2011 letter a 36-page document entitled "Analysis of Fidelity Investments Mobile Software Application."  Maxim stated that it analyzed the Fidelity Investments mobile software application to show "infringement of certain patents within [Maxim's] Secure Mobile Transaction Patent Portfolio."  In addition, Maxim stated that "[t]his document is referenced by the claim charts, provided herewith, showing the Fidelity Investments mobile application, server structures and processes, and overall system architecture infringe a diverse set of claims within the Maxim patent portfolio."

19.     Maxim's letter, together with the detailed attachments alleging patent infringement, is a further clear and unmistakable threat of litigation against Fidelity.

20.     Additionally, Maxim has recently brought a number of lawsuits against different entities, alleging infringement of the claims of Patents.  For example, on January 6, 2012, Maxim filed three separate patent infringement lawsuits against (1) Capital One Financial Corporation, (2) Expedia, Inc., and (3) Starbucks Corporation.  On January 9, 2012, Maxim filed a fourth patent infringement lawsuit against (4) Bank of the West.  Then, on January 11, 2012, Maxim filed yet a fifth patent infringement lawsuit against (5) First United Bank & Trust Co.  On

February 22, 2012, Maxim filed five additional separate patent infringement lawsuits against (6) Southwest Airlines, (7) Union Bank and Unionbancal Corp., (8) QVC, Inc., (9) Comerica, Inc., and (10) Groupon, Inc.  Maxim filed all of these lawsuits in the District Court for the Eastern District of Texas.

21.     Given Maxim's initiation of other litigation with respect to the Patents, and in light of Maxim's October 26, 2011 letter, it is clear that Maxim intends to pursue litigation against Fidelity.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

22.     Fidelity incorporates the preceding paragraphs as if fully set forth herein.

23.     Fidelity has not infringed the Patents.

24.     Fidelity has not directly infringed, and does not directly infringe, any claim of the Patents.

25.     Fidelity has not jointly infringed, and does not currently jointly infringe, any claim of the Patents.

26.     Fidelity has not contributorily infringed, and does not currently contributorily infringe, any claim of the Patents.

27.     Fidelity has not induced, and does not currently induce, any infringement of any claim of the Patents.

28.     Fidelity is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that Fidelity does not infringe any claim of the Patents.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY

29.     Fidelity incorporates the preceding paragraphs as if fully set forth herein.

30.     The claims of each of the Patents are invalid under Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

31.     Fidelity is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that the claims of the Patents are invalid.

****

## **PRAYER FOR RELIEF**

WHEREFORE, Fidelity respectfully requests that this Court enter judgment in its favor

as follows:

a)      declare that Fidelity has not directly infringed, and does not currently directly infringe, any claim of the '510, '880, '013, and '095 patents;

b)      declare that Fidelity has not jointly infringed, and does not currently jointly infringe, any claim of the '510, '880, '013, and '095 patents;

c)      declare that Fidelity has not contributorily infringed, and does not currently jointly infringe, any claim of the '510, '880, '013, and '095 patents;

d)      declare that Fidelity has not induced, and does not currently induce, any infringement of any claim of the '510, '880, '013, and '095 patents;

e)      declare that the claims of the '510, '880, '013, and '095 patents are invalid;

f)      declare this to be an exceptional case and award Fidelity its cost, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. § 285; and

g)      award Fidelity any further and additional relief that this Court deems just and proper.

## **JURY DEMAND**

Fidelity requests a trial by jury on all issues so triable.

**\*\*\*\***

Dated: February 24, 2012                    Respectfully submitted,

                                            /s/ Elaine Herrmann Blais

                                            J. Anthony Downs (BBO #552839)
                                            Elaine Herrmann Blais (BBO #656142)
                                            Joel E. Lehrer (BBO #654056)
                                            GOODWIN PROCTER LLP
                                            Exchange Place
                                            53 State Street
                                            Boston, Massachusetts 02109-2881
                                            Tel: (617) 570-1000
                                            Fax: (617) 523-1231
                                            *jdowns@goodwinprocter.com*
                                            *eblais@goodwinprocter.com*
                                            *jlehrer@goodwinprocter.com*

                                            Attorneys for Plaintiff

                                            FIDELITY BROKERAGE SERVICES LLC